## Farrell's Estate.

*Statute of limitations—Acknowledgment of debt—Promise to pay.*

The acknowledgment of a debt must be clear, distinct and unequivocal in order to take it out of the operation of the statute of limitations. Mere failure to dispute the account, mere protestation of inability to pay in the past and in the present, the mere expression of willingness to receive the visit of the agent of the alleged creditor at some future date, neither singly nor combined amounts to an acknowledgment of the debt sufficient to toll the statute.

Argued Oct. 20, 1910. Appeal, No. 145, Oct. T., 1910, by Mary T. Walsh et al., trustees of Philip J. Walsh, deceased, from decree of O. C. Phila. Co., Oct. T., 1909, No. 584, dismissing exceptions to adjudication in Estate of Margaret Farrell, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to adjudication of DALLETT, J.

LAMORELLE, J., filed the following opinion:

When one purchases merchandise, the law implies a promise to pay the debt thus contracted. If the account be not settled nor suit brought within the statutory period, the remedy is gone, although the debt remains. It follows logically that, if after the period of six years, the debtor acknowledges the existence of the debt and specifically identifies it, no additional promise is required. The original implied promise is either revived or the law assumes a new promise because of the unqualified acknowledgment. That this is the law of this state is shown by an abundance of authorities. For instance, the thought is thus well expressed in Palmer v. Gillespie, 95 Pa. 340:

"A clear, distinct and unequivocal acknowledgment of a debt is sufficient to take a case out of operation of the statute. It must be an admission consistent with a promise to pay."

An acknowledgment consistent with a promise to pay does not mean that the debtor in terms agrees to pay, or even that he is then able to pay, but the right to bring suit at any time within the six years results solely because of such acknowledgment.

The acknowledgment of the debt may or may not be accompanied with an express promise to pay at a future time. If no time be mentioned, then the acknowledgment must be consistent with a promise to pay on demand. But the acknowledgment must be clear, precise and affirmative. Mere failure to dispute the account, mere protestation of inability to pay, in the past and in the present, the mere expression of willingness to receive the visit of the agent of the alleged creditor at some future date, neither singly nor combined, amount to an acknowledgment of the debt sufficient to toll the statute.

The evidence in this case when critically considered does not appear to go beyond this point.

The testimony of the single witness for the claimant persuaded the auditing judge that the alleged acknowledgment was merely the witness's conclusion from the circumstances that the decedent did not in his presence actually deny the claim. The exceptant contends that the testimony shows not only an acknowledgment but also an express promise to pay. Clearly the promise was not to pay on demand because the agent of the alleged creditor of his own motion suggested that the matter should lie over for another month, which he said the decedent agreed to; that is, it was understood that a collector should call next month. There was therefore no promise of any sort to pay the whole or any part of this claim next month or at any other time. Apparently all that decedent did was to refrain from actually denying the account but earnestly protested inability to pay, though willing to receive visits of the collector later on. At best, according to the testimony of the witness, the express promise if made, was only a promise to pay something on account next month. Such express promise

476 FARRELL'S ESTATE.

Opinion of Court below—Opinion of the Court.  [44 Pa. Superior Ct.

would exclude an implied promise, and does not recover the whole of the claim: Senseman v. Hershman & Houser, 82 Pa. 83.

Taking the testimony in its entirety, we fail to see that the auditing judge committed error in his finding and conclusions based thereon.

The exceptions are dismissed and the adjudication confirmed absolutely.

*Errors assigned* were in dismissing exceptions to adjudication.

*John F. Gorman,* for appellants.

*William I. Stanton,* for appellee.

PER CURIAM, November 21, 1910:

It is the judgment of the majority of the court that the case was correctly decided by the orphans' court, and that the decree be affirmed for the reasons given in the opinion of that court overruling the exceptions to the adjudication.

The decree is affirmed at the costs of the appellant.